IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| **Reineri Andreu Ortega,** | ) | Case No.  4:25-cv-496 |
| | ) | |
| **Plaintiff, v.** | ) | MOTION FOR TEMPORARY |
| | ) | RESTRAINING ORDER AND |
| **NATIONAL COLLEGIATE** | ) | PRELIMINARY INJUNCTIVE RELIEF |
| **ATHLETIC ASSOCIATION,** | ) | |
| | ) | EXPEDITED RELIEF REQUESTED |
| | ) | |
| **Defendant.** | ) | ORAL HEARING REQUESTED |
| | ) | |
| | ) | |
| | ) | |

Plaintiff, Reineri Andreu Ortega ("Ortega"), moves pursuant to Fed. R. Civ. P. 65(b) and (a) for entry of a temporary restraining order and preliminary injunction preventing Defendant National Collegiate Athletic Association ("NCAA") from applying Bylaw 12.6 (the "Five-Year Eligibility Clock") to Ortega in a manner to prevent him from participating in the 2025–2026 and 2026–2027 Division I Wrestling seasons at Iowa State University or any other NCAA member institution and from applying Bylaw 12.9.4.2 (the "Rule of Restitution") to punish Ortega, Iowa State University, or any other NCAA member institution for following any Order of this Court. In support thereof, Ortega states:

1. Ortega brought this action for violation of Section 1 of the Sherman Act on December 15, 2025, seeking injunctive relief, declaratory relief, and damages arising from the NCAA's application of their Five-Year Eligibility Clock to Ortega to prevent him from competing for Iowa State University in the 2025–2026 and 2026–2027 wrestling seasons.  15 U.S.C. § 1.

2. The NCAA started Ortega's Five-Year Eligibility Clock when he enrolled at a non-NCAA institution where he did not and could not have participated in collegiate sports.  ECF No.

1

1, Exhibit 3. This application is an undue restraint which the NCAA asserts makes Ortega ineligible to compete on Iowa State University's wrestling team now or anytime in the future.

3. Courts considering whether to grant a temporary restraining order ("TRO") or preliminary injunctive relief consider: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981).

4. The ultimate goal in the Sherman Act analysis is always to "distinguish between restraints with anticompetitive effect that are harmful to the consumer and restraints stimulating competition that are in the consumer's best interest." *Nat'l Collegiate Athletic Ass'n v. Alston*, 594 U.S. 69, 81 (2021) (cleaned up). Courts do so by applying the "Rule of Reason" to prohibit restraints which have a substantial anticompetitive effect with no compelling procompetitive rationale. *Ohio v. Am. Express Co.,* 585 U.S. 529, 541 (2018).

5. Applying this analysis demonstrates a strong likelihood of success on the merits for Ortega's claim of a Sherman Act violation.

6. The NCAA's application of the Five-Year Eligibility Clock is presently inflicting irreparable harm to Ortega by prohibiting him from competing in the 2025–2026 wrestling season. He has already missed several meets and will miss another on December 21, 2025 without injunctive relief. An even more critical portion of the season will commence when Iowa State begins its Big 12 wrestling schedule on or about *January 2, 2026.*

7. Ortega does not seek a temporary restraining order without notice to the NCAA. The NCAA has been notified and a copy of the present filings have been provided to them. Rather, Ortega seeks the entry of a TRO before a hearing can be held to permit him to immediately begin

competing with the Iowa State University Division I Wrestling team at the next meet on December 21st.

8.   Granting the TRO to permit Ortega to compete with his team now, before a preliminary injunction hearing can be held, is necessary to alleviate his immediate irreparable loss but would inflict no harm on the NCAA.

9.   If the Court finds a TRO should not be entered, Ortega requests a preliminary injunction hearing be set as soon as practicable.[1]

10.  For the reasons stated in the accompanying Brief, Ortega is entitled to a TRO and preliminary injunctive relief.

11.  Pursuant to Local Rule 7(k), Ortega has made multiple efforts to confer in good faith with the NCAA regarding the present Motion for a Temporary Restraining Order and Preliminary Injunctive Relief. Plaintiff has not been able to obtain any response from the NCAA so it is unknown whether or not it consents to this Motion.

**WHEREFORE,** Ortega respectfully requests the Court enter a temporary restraining order and preliminary injunction (1) enjoining the NCAA from enforcing NCAA Bylaw 12.6 and 12.9.4.2 against Ortega, Iowa State University, and any other NCAA member institutions as to Ortega, (2) declaring that Ortega's "Eligibility Clock" started when he enrolled in a NCAA institution in Spring 2023, making him eligible to compete in the 2025–2026 and 2026–2027 wrestling seasons, and (3) prohibiting the NCAA from enforcing Bylaw 12.9.4.2 to punish Ortega, Iowa State University, and any other NCAA member institution as applied to Ortega for taking actions in compliance with any Order from the Court.

---

[1] At any hearing for this matter Plaintiff will need the assistance of a Court-approved Spanish translator to fully participate in the proceedings.

| | |
|---|---|
| **RESPECTFULLY SUBMITTED BY:** | **HARTUNG & SCHROEDER** |

   /s/ J. D. Hartung
J.D. Hartung    AT0003359
Hartung & Schroeder
303 Locust Street, Ste. 300
Des Moines, IA  50309
(515) 282-7800
(515) 282-8700 (FAX)
ATTORNEYS FOR PLAINTIFF

/s/ Michael A. Dee
Michael A. Dee, AT0002043
Dakota J. Farquhar, AT0015734
BROWN, WINICK, GRAVES,
GROSS AND BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone:  515-242-2451
Facsimile:   515-283-0231
E-mail: Michael.Dee@brownwinick.com
E-mail: Dakota.Farquhar@brownwinick.com