IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| REINERI ANDREU ORTEGA,<br><br>　　Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>　　Defendant. | No. 4:25-cv-00496-RGE-SBJ<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED RELIEF AND DEFERRING RULING ON MOTION FOR PRELIMINARY INJUNCTION** |

**I.     INTRODUCTION**

Plaintiff Reineri Andreu Ortega files a renewed motion for preliminary injunction against Defendant National Collegiate Athletic Association. Ortega seeks to prevent the NCAA from applying the five-year eligibility rule clock in a manner which would prevent him from competing in the 2026 and 2027 Division I Wrestling seasons at Iowa State University or another NCAA member institution. Ortega further seeks to prevent the NCAA from applying the Rule of Restitution to penalize Ortega or any NCAA member institution. The Court previously denied Ortega's motion for an ex parte temporary restraining order. Ortega voluntarily withdrew his previous motion for a preliminary injunction after the Court attempted to schedule the matter for expedited hearing. The NCAA then filed a motion to dismiss. Ortega has now filed a renewed motion for preliminary injunction and seeks expedited relief.

For the reasons set forth below, the Court denies Ortega's request for expedited relief and defers ruling on Ortega's motion for a preliminary injunction.

**II.     BACKGROUND**

The limited purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395

(1981). "[H]aste . . . is often necessary if those positions are to be preserved." *Id.* As a result, the Court's decision to grant or deny an injunction rests on "procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* Accordingly, the Court's findings of fact and conclusions of law in this Order are not binding at trial. *See id.*

On December 15, 2025, Ortega filed suit in this Court alleging the NCAA was in violation of § 1 of the Sherman Act, 15 U.S.C. § 1, and seeking declaratory and injunctive relief against the NCAA. Compl. 1, ECF No. 1. On the same day, Ortega also moved for a temporary restraining order and preliminary injunction. Pl.'s Mot. TRO & Prelim. Inj., ECF No. 2. The Court denied the request for an ex parte temporary restraining order on December 18, 2025. Order Den. Mot. TRO, ECF No. 4. The Court then sought to schedule an expedited hearing on the motion for preliminary injunction and set an expedited briefing schedule. Order Expediting Resp. Deadline, ECF No. 7. The Court provided the parties several dates in January, spanning two weeks, on which a hearing could be held. The parties conferred and notified the Court that their schedules precluded participation in a hearing on any of the proposed dates. Further, Ortega indicated no hearing would be necessary because he was withdrawing the motion. Ortega then voluntarily withdrew his motion for a preliminary injunction. Pl.'s Mot. Withdraw Mot. Prelim. Inj., ECF No. 18.

The NCAA filed a motion to dismiss on February 9, 2026. Def.'s Mot. Dismiss, ECF No. 24. After consultation with the parties, the Court set a hearing on the NCAA's motion to dismiss for April 10, 2026. Order, ECF No. 27. On March 6, 2026, Ortega filed this renewed motion for a preliminary injunction and requested expedited relief. Pl.'s Renewed Mot. Prelim. Inj., ECF No. 34; Pl.'s Br. Supp. Renewed Mot. Prelim. Inj., ECF No. 34-1. The NCAA filed a response and Ortega replied. Def.'s Resp. Pl.'s Renewed Mot. Prelim. Inj. ECF No. 35; P.l's Reply Supp. Renewed Mot. Prelim. Inj., ECF No. 38.

III.   DISCUSSION

"The party seeking a preliminary injunction bears the burden of establishing the necessity of this equitable remedy." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 316 (8th Cir. 2009). Ultimately, the Court "has broad discretion when ruling on requests for preliminary injunctions." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998).

Ortega brings suit challenging the five-year eligibility rule which, if enforced against him, would prohibit him from competing in the 2026 and 2027 collegiate wresting seasons. ECF No. 34. The Court focuses on the alleged changed circumstances surrounding the NCAA transfer portal and its applicability to the renewed motion for preliminary injunction and expedited relief. The original 2026 transfer window for men's wrestling ran from March 18, 2026, to May, 1, 2026. Pl.'s Ex. 2 at 142, ECF No. 1-3. On January 14, 2026, the NCAA adopted proposal No. 2024-42, which delayed the start of the transfer window. ECF No. 35 at 3. The transfer window now begins on April 1, 2026, and runs until April 30, 2026. *Id.*

A plaintiff seeking expedited preliminary relief "places an exceptional demand on a responding party's time and resources." *Ankeny Hotel Assocs., LLC v. OSK X, LLC*, 663 F. Supp. 3d 947, 966 (S.D. Iowa 2023) (noting the greater disadvantage and difficulty present for responding parties when expedited relief is sought even above that inherently present in seeking preliminary relief generally). "[A] party requesting a preliminary injunction must generally show reasonable diligence." *Adventist Health Sys./SunBelt, Inc. v. United States Dep't of Health & Hum. Servs.*, 17 F.4th 793, 805 (8th Cir. 2021) (quoting *Benisek v. Lamone*, 585 U.S. 155, 159 (2018)) (alteration in original).

Ortega has not shown diligence demonstrating a need for expedited relief. The parties expended significant time and resources preparing for the original motion for a preliminary injunction. Following Ortega's withdrawal of the original motion, the NCAA filed a motion to dismiss the complaint. ECF No. 24. The parties have since expended significant time and resources

3

briefing the motion to dismiss. The Court has scheduled a hearing on this motion to dismiss for April 10, 2026. ECF No. 27.

Ortega now brings a renewed motion seeking expedited relief. ECF No. 34. The withdrawn original motion and this renewed motion seek the same relief—enjoining the NCAA from enforcing the five-year eligibility rule against Ortega. ECF No. 2 at 3; ECF No. 34 at 4. Ortega asserts the NCAA's transfer window change necessitates his renewed motion for expedited relief. ECF No. 34 ¶¶ 4–5. However, the sole change in circumstances between Ortega voluntarily withdrawing his original motion for a preliminary injunction and filing this renewed motion and seeking expedited relief worked in favor of Ortega, not against him. The NCAA delayed the start of the transfer window, providing Ortega more time to seek relief or otherwise consider his position. Ortega withdrew his original motion for preliminary injunction on January 2, 2026. ECF No. 18. The NCAA made the decision to delay the start of the transfer window on January 14, 2026. ECF No. 35 at 5. Therefore, at the time Ortega withdrew his original preliminary injunction motion, the men's wrestling transfer portal was to begin March 18, 2026. ECF No. 1-3 at 142. The transfer portal now opens on April 1, 2026. ECF No. 35 at 3. In withdrawing his original motion, it appears Ortega did not find the timing of the transfer portal opening warranted continued pursuit of expedited relief, or even interim injunctive relief at all.

Ortega now asserts a delay in the transfer portal opening until April 1, 2026, necessitates expedited relief and a preliminary injunction. However, Ortega delayed filing a renewed preliminary injunction for almost two months after the NCAA delayed the transfer window opening—again failing to demonstrate reasonable diligence. Ortega now requests the NCAA expend more time and resources on this second motion for preliminary injunction, which seeks the same relief as his withdrawn preliminary injunction, because the transfer portal opening is only weeks away.

Because the sole change in factual circumstances between January and now renders

4

expedited relief less, not more, necessary, and because Ortega has failed to diligently pursue such relief in light of the January 14, 2026, transfer portal announcement, the Court denies Ortega's request for expedited relief. The Court defers judgment on the renewed motion for a preliminary injunction.

### IV.     CONCLUSION

The Court finds Ortega is not entitled to expedited relief and denies this aspect of his motion. The Court defers ruling on Ortega's request for a preliminary injunction.

Accordingly, **IT IS ORDERED** that Plaintiff Reineri Andreu Ortega's Motion for Renewed Preliminary Injunction and Expedited Relief, ECF No. 34, is **DENIED IN PART and DEFERRED IN PART**.

**IT IS SO ORDERED.**

Dated this 13th day of March, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE